UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

MAHZAR PASHA )
PETITIONER )
 )
VS. )
 ) DKT NO. 1:04-CR-509
 ) Civil Action No. ~~2:05-CV-819-D~~
SCOTT A. MIDDLEBROOKS, )
WARDEN, FPC MONTGOMERY )        2:06cv445-MHT
RESPONDENT         / )

PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
BY A PRISONER IN FEDERAL CUSTODY

Mahzar Pasha, an inmate serving a sentence at the federal prison camp at Maxwell Air Force Base, Al.( FPC Montgomery), petitions this Court pursuant to 28 U.S.C. § 2241 for a Writ of Habeas Corpus. Petitioner challenges the decision of the Respondent, Warden Scott A. Middlebrooks, denying him more than 46 days community confinement or home confinement at the conclusion of his sentence. The Wardens action is based solely on a recent, erroneous legal opinion of the Attorney General. Absent that opinion, petitioner would have been eligible under established Bureau of Prisons (" BOP ") policy and past at FPC Montgomery for up to six (6) months home confinement. Which would have made him eligible for home confinement on or about February 7, 2006. ( accounting for anticipated good time credit). Prior to his 10% date at the 10% date he is eligible for home confinement if granted every pre-release opportunity available to him. Mr Pasha claims his traditional needs were never investigated. Therefore, to receive every pre-release opportunity available, the BOP must grant him C.C.C. placement prior to his 10 % Date.

He asks this Honorable Court to mandate that the Bureau reconsider its recommendation and grant this petition and any other relief this Court deems appropriate.

## Jurisdictional Allegations

This court has jurisdiction to issue a Writ of Habeas Corpus and to grant releif as law and justice require under 28 U.S.C. §§ 1331, 2241 (a), (c) (1) and 2243, because the petitioner is confined within the territorial jurisdiction under color of the authority of the United States.

This Court also has jurisdiction under 28 U.S.C § 1361 to issue relief in the nature of a Writ of Mandamus, compelling the Respondent in his official capacity to perform a duty owed to the Petitioner, that is, to refrain from denying him up to a full 180 days of community confinement in a halfway house on the mistaken premise that such placement is prohibited by law. Declaratory relief under 28 U.S.C. § 2201 is also sought.

Respondent is the custodian of the petitioner, in that Scott Middlebrooks is the Warden of the Federal Prison Camp located at Maxwell AFB, Montgomery, AL. 36112.

Petitioner is serving a 18 month sentence. Petitioner was sentenced on March 7, 2005. Petitioner Pasha to the Federal Prison Camp at Maxwell AFB, Montgomery, AL. 36112 on May 24, 2005.

Title 18 U.S.C. 3624 (c) provides that the "Bureau of Prison shall , to the extent practicable, assure that a prisoner serving a term of imprisonment spend a reasonable part, not to exceed six (6) months, of the last per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community."

On February 14, 2005, the Department of justice issued a new policy which prohibited the Bureau of Prisons from designating a

Community Confinement Center (CCC) a place of imprisonment. But for this Policy and . or rule change and under the past practices at the Montgomery Federal Prison Camp, The Petitioner would have been transferred to a CCC on or by February 7, 2006.

As a result of the February 14, 2006, change in the Department of Justice policy, the petitioner will not be considered eligible for transfer to a CCC until July 29, 2006. The February 14, 2005, change in DOJ/BOP policy is invalid in that the new rule is based on an incorrect reading of 18 U.S.C. 3621 (b) and 18 U.S.C. 3624 (c) and thus inconsistent with the governing statues.

The Petitioner cites the court to the following cases: **Hurt v. Federal BOP No. 5:03-CV-265-4 (M.D.A. August 29th 2003), Greenfield v. Menifee, No. 03-CV-8205, (KMW) (SDNY), Cioffoletti v. Federal BOP No. 03-cv-3220, (ILG) (EDNY), Ferguson v. Ashcroft, 248 F. Supp. 2d 547, 562-64, (M.D. LA, 2003), Elwood v. Jeter, 386 F.3d 842 (8th Cir 2004) Goldings v. Winn, 383 F3d 17 (1st Cir 2004) SEE ALSO (FULTS V. SANDERS 442 F3D 1088 (8TH CIR 2006)**

**EXHAUSTION OF REMEDIES**

On August 8, 2005, Petitioner Pasha requested 6 months Home confinement prior to his 10%, according to current legal BOP policy. Unit Team Case Manager, Mr. Micheal Rowe indicated that home confinement would be recommended in conjunction with halfway house placement.-- That it would be the decision of the CCM. (Copy enclosed)

On September 6, 2005, the petitioner went to his program review at which time he was informed that he would only be considered for 46 days halfway house (with no mention of home confinement)

Formal review of the Unit Team's response to a request for administrative remedy is made available through the Bureau's three-step administrative remedy program. See 28 C.F.R. ; 542.10- 542.15. As outlined below, Petitioner Pasha did initiate and administrative appeal; the first and second -steps have already been denied. As a gesture of good faith, he will continue to appeal. Nevertheless, utilization of that remedial mechanism, which is the only one available is and will be futile for two reasons.

**First**, exhaustion of administrative remedies under the BOP's procedures requires the inmate to appeal to the warden, then to the regional office, and finally to the BOP's General Counsel. I have been denied by both the Warden and the Regional Director. Furthermore the time this process takes is longer than the period remaining between July 29, 2006 and the date when the petitioner contends he should, by law, be deemed eligible for halfway house placement, which has already passed. SEE C.F.R. § 542.18.

**Second**, under 28 C.F.R. § 542.15, the highest level of administrative appeal available is to the BOP's General Counsel. On February 14, 2005, the Bureau's General Counsel issued a " Memorandum for Chief Executive Officers" captioned " Community Confinement Procedures Changes". ( Despite its title, no procedures are changed by this memorandum, only substantive eligibility standards.) This memorandum is expressly predicated upon the **opinion** of the Attorney General's Office of Legal Counsel. " Effective immediately", not withstanding the BOP's own longstanding written policy, which has allowed up to 180 days of halfway house residence and home

confinement at the end of a sentence ( and sometimes longer), even if that is more than 10% of the time to be served, the General Counsel announced that " Pre-release programming CCC designations are limited in duration to the last 10% of the prison sentence, not to exceed six months". There is thus a fixed, uniform, national policy requiring rejection of any administrative appeal the this petitioner files.

The prisoner Litigation Reform Act, including its provision at 42 U.S.C. § 1997e(a) for exhaustion of administrative remedies, does not apply to federal prisoners' habeas corpus actions such as this one. Accordingly, general principles of habeas corpus law do not require that petitioner exhaust administrative remedies, as none are actually available to him.

On February 23, 2006, petitioner filed with the respondent a request for administrative remedy, the first step in the BOP administratvie appeal process. On March 2, 2006, the respondent upheld the unit teams determination.

On April 3, 2006 the Petitioner pursued his administrative appeal by filing a regional administrative appeal with the regional office of the BOP, located in Atlanta Ga., (Regional Administrative Appeal no. 404926-R2) Which was also denied stating,

> "According to program statement 7320.10, <u>Home Confinement</u>, page 5, " Only the Community Corrections Manager, (CCM), may approve home confinement. " Additionally, Page 4 states, Institution staff **shall** refer inmates for pre-release placement to the appropriate CCM, who after reviewing the referral material, shall refer the case to the most appropriate program- Community Corrections Center, (CCC), Comprehensive Sanctions Center (CSC),

Home Confinement program, or other community program.

RELIEF SOUGHT

Wherefore, Petitioner prays that this Court:

(1) Issue a temporary restraining order, preliminary injunction, or writ in the nature of mandamus, directing the respondent to reconsider petitioner for Home Confinment, without regard to the Attorney General's February 14, 2005 opinion;

(2) Enter an order under Fed. R. Civ. P. 81(a)(2) directing the respondent to show cause before this court within 20 days why a writ of Habeas Corpus should not be issued invalidating the respondent's decision;

(3) After full consideration on the merits, including such discovery and/or hearing as the court may deem appropriate, issue the writ habeas corpus or an order in the nature mandamus, declaring the proper construction of 18 U.S.C. §§ 3621(b) and 3624(c) to be as heretofore understood that is, as authorizing the Bureau of Prisons, in its discretion, to designate a Community Corrections Center/ Home Confinement as the place for the service of any portion of a defendant's sentence-- and directing the respondent not to rely upon the erroneous February 14, 2005, opinion of the Attorney General's Office of Legal Counsel ( or any directive based thereon) when selecting the appropriate portion of this petitioner's sentence that he may serve on Home Confinement; and **grant** such other or further relief pursuant to 28 U.S.C. § 2243 as law and just requires.

Respectfully Submitted this _15th_ day of May____, 2006.

Mahzar Pasha                                    05/15/06

## CERTIFICATE OF SERVICE

**I MAHZAR PASHA,** certify that a true an exact copy of the following petition was delivered to the Warden and mailed to the U.S. Attorney on this the 15th day of May 2006. This service is in compliance with rules of the court and is attested to under penalties of perjury by virtue of 28 U.S.C. § 1746 of the Federal Rules of Civil Procedures.

Addressed as follows:

Warden Scott Middlebrooks
Montgomery Federal Prison Camp
Maxwell AFB, AL. 36112

United States Attorney
One Court Square
Suite 201
Montgomery, Alabama 36112-0197

Respectfully Submitted,
Mahzar Pasha        05/15/06