Regional Administrative Remedy Appeal No. 404926-R2
Part B - Response

This is in response to your Regional Administrative Remedy Appeal dated April 3, 2006, wherein you request assistance in helping you receive six months home confinement consideration.

The statutory authority of imprisonment lies solely with the court. Federal Criminal Code and Rules govern the length of placement on home confinement. Specifically, 18 U.S.C. § 3624 (c), governs community confinement placement. According to 18 U.S.C. § 3624(c), "The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community."

According to Program Statement 7320.01, <u>Home Confinement</u>, page 5, "Only the Community Corrections Manager, (CCM), may approve home confinement." Additionally, page 4 states, "Institution staff shall refer inmates for pre-release placement to the appropriate CCM, who, after reviewing the referral material, shall refer the case to the most appropriate program - Community Corrections Center, (CCC), Comprehensive Sanctions Center (CSC), home confinement program, or other community program. An inmate may not apply for a particular community program. Once approved for the program, the inmate must agree to all required conditions of the program."

Our investigation reveals your 10 per centum date is July 29, 2006. Therefore in accordance with 18 U.S.C. § 3624(c), you are eligible for a transfer to a community confinement program on or after that date.

Accordingly, your Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 calendar days from the date of this response.

4-28-06
Date

Regional Director, SERO

U.S. Department of Justice
Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Pasha Mahzar__    56741-019    Mobile-A-Wing    FPC Montgomery
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

### Part A—REASON FOR APPEAL

On August 4, 2005, I requested to be considered for six (6) months Home Confinement pursuant to P.S. 7310.04 and 18 U.S.C.§ 3624. This request was denied. In compliance with 1330.13 the administrative remedies programs, this appeal ensued. My unit manager, Mr. Stephens, states in his reply to my BP-8½ that, "you are not being denied consideration for home confinement." He notes that the determination will solely be up to the CCM. However such determination cannot be made without a timely recommendation from my unit team. As stated in my initial appeal I meet all the necessary requirements for this consideration. In order for me to receive full benifits of my request, the recommendation must be made immediately. I am asking that it be given full consideration to start this process. Mr. Stephens stated that I am not being denied. However he has made no recommendation. Because time is of essences in order for me to receive the full benifits of such recommendation, I prepared a BP-9 to Warden Scott Middlebrooks. In his response the Warden relied on P.S. 7320.01 dated 9/6/95. Recent case law clearly demonstrate that the reliance on this P.S. was in error.

__March 09, 2006__      See Attachment      _[signature] 3/9/06_
DATE                                                                                           SIGNATURE OF REQUESTER

### Part B—RESPONSE



RECEIVED APR - 3 2006 REGIONAL COUNSEL'S BUREAU OF PRISONS

MAR 17 2006

_____        _____
DATE                                                                             REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE            CASE NUMBER: __407108-__

### Part C—RECEIPT

CASE NUMBER: _____

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

The Bureau of Prison's policy limiting the placement of prisoners in halfway houses to the lesser of 10 percent of a prisoner's total sentence or six months is inconsistent with the applicable statue and congressional intent, the U.S. Court of Appeals for the Third and Second Circuits have held that the policy precludes the full consideration of statutory factors that the BOP must consider in making placement and transfer determinations, (See Greenfield, No. 03 CIV 8205, Byrd v. Hasty, 142 F.3d 1395, Iacaboni V. United States, 251 F.Supp 2d 1015, and Estes v. Federal Bureau of Prisons, 273 F.Supp 2d 1301. See Also Woodall v. Federal Bureau of Prisons as recently as December 15, 2005.

Under 18 U.S.C. § 3621 (b), the BOP is vested with authority to determine the location of an inmates imprisonment. The statue lists factors for consideration in making placement and transfer determinations. Including the nature and circumstances of an inmate's offense, his or her history and pertinent characteristics, and " any statement by the court that imposed the sentence."

An overview of the Woodall case clearly demonstrate that the Bureau does have the authority to recommend an inmate for home confinement prior to the completion of 90% of his sentence. The Warden's interpretation of the statue and the limited authority is in error, I ask that I be given serious consideration for six (6) months home confinement in compliance with the statue.

| U.S. Department of Justice | RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY |
|---|---|
| Federal Bureau of Prisons | |

| From: | PASHA, Mahzar | 56741-019 | O02-011U | FPC Montgomery |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

Part B- RESPONSE

Case Number: 404926-F1

This is in response to your request for Administrative Remedy receipted February 23, 2006, wherein you have requested six months placement in the Home Confinement Program.

A review of your case reveals that you are serving an 18-month sentence for Health Care Fraud with three years of supervision to follow. Your projected release date is September 13, 2006 and your Pre-Release Preparation date is July 29, 2006. Further review reveals that your unit team submitted an Institution Referral for CCC Placement, Form BP-S210.073, on February 13, 2006.

Program Statement 7320.01, Home Confinement, dated September 6, 1995, states that institution staff shall refer inmates for pre-release placement to the appropriate Community Corrections Manager (CCM), who, after reviewing the referral material, shall refer the case to the most appropriate program, i.e., CCC, Comprehensive Sanctions Center (CSC), Home Confinement Program, or other community program. An inmate may not apply for a particular community program. Home Confinement is an alternative to placement in a Community Corrections Center for no more than the last six (6) months or 10% of the individual's sentence, whichever is less. The last 10% of your term is reflected in your Pre-Release Preparation date of July 29, 2006. Therefore, that is the earliest date on which you may be considered for Home Confinement placement.

Given the aforementioned, your request for six months in Home Confinement Program is denied.

In accordance with Program Statement 1330.13, <u>Administrative Remedy Program</u>, "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response."

3/2/06
DATE

_____
WARDEN

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Mahzar Pasha_____  __56741-019_____  __Mobile-B-Wing__  __FPC MONT.__
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

Part A- INMATE REQUEST   On August 4, 2005 I requested to be considered for six (6) months Home Confinement pursuant to P.S. 7310.04 and 18 U.S.C.§ 3624. This request was denied. In compliance with 1330.13 the administrative remedies program, this appeal ensued. My unit manager, Mr. Stephens, states in his reply to my BP-8½ that, " you are not being denied consideration for home confinement." He notes that the determination will solely be up to the CCM. However such determination cannot be made without a timely recommendation from my unit team. As stated in my initial appeal I meet all the necessary requirements for this recommendation. In order for me to receive full benefits of my request, the recommendation must be made immediately. I am asking that it be given full consideration to start this process. Mr Stephens stated that I am not being denied. Without the recommendation I am being denied.

District court case law as recent as December 15, 2005 illustrate that my request is permitted by statue. SEE ATTACHMENT

__February 7, 2006_____              _____ 02/07/06
      DATE                                            SIGNATURE OF REQUESTER

Part B- RESPONSE




_____                               _____
    DATE                                             WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                         CASE NUMBER: 404926-F1
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                                   CASE NUMBER: 404926-F1

Part C- RECEIPT
Return to: _____   _____   _____   _____
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION
SUBJECT: _____

_____                                   _____
DATE                                               RECIPIENT'S SIGNATURE STAFF MEMBER

*Attachment*

The Bureau of Prison's policy of limiting the placement of prisoners in halfway houses to the lesser of 10 percent of a prisoner's total sentence or six months is inconsistent with the applicable statue and congressional intent, the U.S. Court of Appeals for the Third Circuit held Dec. 15. The policy precludes the full consideration of statutory factors that the BOP must consider in making placement and transfer determinations, the court said. ( **Woodall v. Federal Bureau of Prisons, 3rd cir no. 05-3657, 12/15/05).**

Under 18 U.S.C. § 3621(b), the BOP is vested with authority to determine the location of an inmate's imprisonment. The statue lists factors for consideration in making placement and transfer determinations, including the nature and circumstances of an inmate's offense, his or her history and pertinent characteristics, and "any statement by the court that imposed the sentence."

An overview of the Woodall case clearly demonstrates that the Bureau does have the authority to recommend an inmate for home confinement prior to the completion of 90% of his sentence.

# FPC MONTGOMERY, AL.
## INFORMAL RESOLUTION FORM

DATE: 1-20-06         STAFF SIGNATURE: _____

INMATE NAME: MAHZAR PASHA         REG. NO. 56741-019         Inf. Rs.# 44

NOTICE TO INMATE: You are advised that prior to filing a Request for Administrative Remedy (BP-9), you MUST attempt informally resolve your complaint through your unit counselor. Please follow the three (3) steps below:

1. STATE YOUR SPECIFIC COMPLAINT: Under an erroneous interpretation of policy I am being denied consideration for home confinement. Clearly I meet all requirement under the law. I have been denied pursuant to 70 Fed Reg 1659 and P.S. 7310.04 I am eligible for placement.

2. STATE WHAT EFFORTS YOU HAVE MADE TO INFORMALLY RESOLVE YOUR COMPLAINT: On August 04, 2005, I submitted a cop out to my unit team for consideration of home confinement versus halfway house. The unit team informed me that it would be recommended in conjunction with my halfway house, however at my team evaluation I was denied such consideration under the pretense that I was not eligible.

3. STATE WHAT RESOLUTION YOU EXPECT: According to P.S. 7310.04 only the CCM can make a determination that I am either eligible or ineligible for home confinement. However such recommendation must first be submitted by my unit team. I fit all the necessary requirements of P.S. 7310.04, 28 CFR 570.21, and 18 USC § 3624.

INMATE SIGNATURE: _____ DATE: 01-20-2006

CORRECTIONAL COUNSELOR'S COMMENTS/STEPS TAKEN TO RESOLVE: You are not being denied consideration for home confinement. Home confinement is determined by the CCM.

COUNSELOR'S SIGNATURE: _____ DATE: 1-25-06
UNIT MGR'S REVIEW: _____ DATE: 1/25/06

STAFF ACTION:
___ NOT ACTED ON-STATE REASONS IN COMMENTS
✓ INFORMALLY RESOLVED
___ NO INFORMAL RESOLUTION-(BP-9) ISSUED
___ IF DHO or UDC, DATE FORM RETURNED TO INMATE: _____

| | Inmate Form Returned to Counselor | BP-9 Given to Inmate | BP-9 Returned from Inmate | BP- Delivered to A/W |
|---|---|---|---|---|
| Date: | 1-23-06 | 02-3-06 | 02-08-2006 | 2-15-06 |
| Time: | 1-23-06 3:4p | 3:87 | 3:40 | 9:16 p |
| Counselor: | RPm | RPm | RPm | RPm |

BP-S148.055   **INMATE REQUEST TO STAFF**   CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                                         **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) Unit Team | DATE: 8-04-2005 |
|---|---|
| FROM: Mahzar Pasha | REGISTER NO.: 56741-019 |
| WORK ASSIGNMENT: Orderly/Staging | UNIT: Mobile-B-wing |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Sir pursuant to the Bureau of Prisons Policy, an inmate can be considered for home incarceration during the last 10% of his sentence. I am requesting serious consideration for home confinement during this period of my sentence. It has recently been established that after a showing of a for a longer period of CCC an inmate could be considered for such placement. I would like to have this matter brought up at my next team. (Or as soon as possible)

Thank you for your consideration and time.

(Do not write below this line)

DISPOSITION:

Home Confinement will be recommended in conjunction with your halfway house recommendation. The final decision will be up to the Community Corrections Manager.

Signature Staff Member                                     Date  8-17-05

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)                      This form replaces BP-148.070 dated Oct 86
                                                           and BP-S148.070 APR 94