IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MAHZAR PASHA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-445-MHT |
| | ) |
| SCOTT MIDDLEBROOKS, | ) |
| | ) |
| Respondent. | ) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 28 U.S.C. § 2241 action, Mahzar Pasha ["Pasha"], a federal inmate, filed a motion for preliminary injunction in which he requests that this court order the respondent to withdraw his decision denying petitioner placement in a Community Confinement Center and directing the respondent to immediately reconsider petitioner for home confinement without reference to a 2005 opinion of the Attorney General for the United States. Pasha also seeks issuance of a writ of mandamus requiring the same relief from the respondent.

Upon consideration of the motion for preliminary injunction and motion for issuance of a writ of mandamus, the court concludes that these motions are due to be denied.

# DISCUSSION

The decision to grant or deny a preliminary injunction "is within the sound

discretion of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Pasha must demonstrate are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to petitioner outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Palmer,* 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville,* 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

    Pasha fails to present any evidence of a substantial likelihood of success on the merits or that he will suffer irreparable harm absent issuance of a preliminary injunction. He also fails to address balancing the equities of the parties or whether the issuance of an

injunction would be in the public interest. The pleadings before the court therefore fail to establish that Pasha meets each of the prerequisites necessary for issuance of a preliminary injunction. Pasha likewise fails to demonstrate that issuance of a writ of mandamus is warranted in this case.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petitioner's motion for preliminary injunction and motion for issuance of a writ of mandamus be DENIED.

It is further

ORDERED that on or before June 5, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

1982); *Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981( (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981).

    Done this 22nd day of May, 2006.

                                        /s/ Vanzetta Penn McPherson
                                        UNITED STATES MAGISTRATE JUDGE