IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MAHZAR PASHA,  )
PETITIONER     )
               )
               )
               )
               )
               )
V.             ) CIVIL ACTION NO 2:06-CV-445-MHT
               )
               )
SCOTT A. MIDDLEBROOKS,  )
RESPONDENT/    )

## PETITIONER'S OBJECTIONS TO THE RESPONSE OF THE REPSONDENT

Comes Now, the petitioner, Mahzar Pasha ( hereinafter "petitioner"), pro se and respectfully files these objections to the respondents response in the instant matter.

The petitioner would ask the court to for future filings, request the respondent to serve this petition with a copy of their response. This petitioner did not receive notice that the respondent had even filed a response until he receive this show cause order from the court. As of the date of this motion he had not received the aformention response.

## INTRODUCTION

I. **EXPOSING PETITIONER TO EXHAUSTION OF REMEDIES WOULD BE FUTILE AND WOULD CAUSE IRREPARABLE HARM TO PETITIONER**

In the case at bar petitioner has exhausted administrative remedies up to the Southeast Regional Office of the Bureau of Prison (BOP). In order to reach the aforementioned administrative level petitioner first, 1) filed an inmate Request to Staff to the Unit Case Manager ( Mr. Rowe); 2) resubmitted his aforementioned request at his annual program review; 3) filed a BP-8½ with his Unit Team in a good faith attempt to find an informal resolution

to the instant matter; 4) filed a BP-9 to the Warden and Respondent herein; Scott A. Middlebrooks, after "all" aforementioned administrative remedies were denied; 5) filed a BP-10 before the BOP Southeast Regional Office ( i.e. located in Atlanta) appealing the Warden's denial of petitioners BP-9; 6) filed an Appeal to the General Counsel in Washington appealing the Southeast Regional Office's denial of the petitioner's appeal; 7) The Office of General Counsel asked for and receive an extension of time to extend through July 21, 2006. Petitioner is at present waiting for the response from the Office of General Counsel.

Petitioner submits that any further exhaustion of Administrative remedies will be futile because, the Office of general Counsel has "**denied**" relief to several other inmates, who presented to General Counsel the exact claim as contained in petitoner's habeas corpus. Mr Pasha has already exhausted administrative remedies, and the essence of the claim in his habeas petition is exact to the essence of the claims the case which he has quoted for the court. For this court to better understand the similarities between petitioner's claim, and the claims of the defendants in Elwood v. Jeter, 386 F3d 845 , Goldwin v. Winn, 383 F3d 17 and Greenfield claims petitioner shows as follows:

The law is clear, if the Office of General Counsel for the BOP denied appeals of all the aforementioned cases then, it will be impossible for the aformentioned office to grant petitioner his requested relief and for said decision not to violate the "Equal Protection Clause" of the Fifth Amendment to the Federal

Constitution. It has been petitioner's position in his requests for administrative remedies that validly issued administrative regulations have the force and effect of the law. ( Wolf v. McConnell 418 U.S. 539, 94 S. Ct 2963, 41 L.ED 935 (1974) it has long been held that an inmate is entitled to expect the B.O.P. to follow it's own policies. Anderson v. Smith 697 F.2d 239 (8th Cir 1983)

It is undisputed that the petitioner has pursued all available administrative remedies before filing in this court. However available remedies provide no "**genuine**" opportunity for adequate relief. Administrative appeal would be "**futile**".

In any event, the exhaustion requirements for §2241 petitions is prudential, [**not**] statutory, unlike habeas corpus petitions filed pursuant to 28 U.S.C. § 2254. **See Arango Marquez v. I.N.S., 346 f3d 892, 897** (9th Cir. 2003). Therefore, if noting that under 28 C.F.R. § 542.15 the highest level of administrative appeal available to him is to the BOP's General Counsel, " whose authority is subsidiary to that of the Attorney General, " the source of the OLC. opinion which the challenge determination is grounded. SEE Pet'r's Mot.

## CONCLUSION

The BOP had a longstanding policy of designating eligible short term ( generally up to a year and a day)offenders, upon a judicial recommendation, to a community confinement center (CCC) or halfway house for service of the sentence. They also had a policy of placing eligible offenders in CCC's for up to six (6) months of their sentences. In May of 2002, the Office of legal

Counsel of the Department of Justice determined that the BOP did not have statutory authority to do either. That interpretation of statue was erroneous, the new policy is codified under the same erroneous interpretation and as U.S.M.J. Pittman of S.D.N.Y. has stated, this interpretation can not be the deciding factor to consider an inmate for home confinement.

The attorney for the respondent cenceded that the BOP does have the authority to grant such consideration as this petitioner is requesting, however the respondent is of the assumption that such authority does not exist.

The petitioner in the instant case meets any and all requirements to be considered for home confinement and now moves this court to direct the BOP to consider this petitioner for home confinement. As noted in the petitioners initial motion, it was stated, " home confinement will be recommended in conjunction with you halfway house recommendation. The final decision will be up to the Community Correction Manager."

For the foregoing reasons petitioner humbly prays of the Court to allow the instant matter to proceed before this court and instruct the BOP to make such recommendation and allow a Community Correction Manager to decide whether this petitioner is eligible for placement.

July 14, 2006                                  Respectfully Submitted,

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that a true and correct copy of the foregoing has been forwarded to:

Leura Garret Canary

Assistant United States Attorney

P.O. BOX 197

Montgomery, AL. 36112

and deposited into the United States Postal service mailbox located at Federal Prison Camp Maxwell Air Force Base, Montgomery, AL. 36112 on July 14, 2006. This service is pursuant to local rules of the court and is attested to under penalties of perjury by virtue of 28 U.S.C. § 1746 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

Mahzar Pasha 50741-019   07/14/06
Federal Prison Camp
Maxwell Air Force Base, AL.
                         36112